## KNEIFLE vs. THE STATE.

Where a defendant in a criminal action obtains a change of venue, and is tried and convicted in the court to which the action is removed, a writ of error cannot properly issue to the court in which the action was commenced, to bring up for review the proceedings had in that court previous to the change of venue.

ERROR to the Circuit Court for *La Crosse* County.

*Martin Kneifle*, who was indicted with others, in the circuit court for La Crosse county, for murder, applied for a change of venue, upon an affidavit that the inhabitants of that county were prejudiced against him, so that he could not have a fair and impartial trial therein. The application was denied. The next day he applied for a change of venue, on the ground that the judge of the circuit court was prejudiced against him, and would not give him a fair and impartial trial. This application was granted, and the venue was changed to the county of Juneau, where *Kneifle* was tried and convicted.

*E. Fox Cook*, for plaintiff in error.

*By the Court*, COLE, J. The writ of error in this case was issued to the circuit court of La Crosse county, to bring up for review an alleged error of that court in refusing to grant a change of venue upon an application made therefor. But there is no final judgment in that court, and it is therefore manifest that the writ of error was improvidently issued. On another application the venue was changed to Juneau county, where the plaintiff in error was tried, convicted and sentenced.

The writ of error in this case issued to the circuit court of La Crosse county, must be dismissed.